Wright, J.
I. One of the reasons set foi’th in the motion for new trial is that the court eri’ed in not passing upon or disposing of the plea in abatement, as it is called, before requiring defendant to plead over. The recox-d, however, makes this statement: “ And the coui’t, upon the consideration thereof, do, overrule said plea, and thereupon the-defendant refused to plead to the chai’ge, and the court ordered a plea of not guilty to be entei'ed.” Subsequently the bill of exceptions states that there was no issue joined in this plea in abatement, and that the judge refused to-hear testimony thereon, and ordered a plea of not guilty to be filed, and proceeded -with the trial.
This is not, as seems to be supposed, a plea in abatement ; it is rather a special plea in bar. It sets up in effect, that defendant was an Israelite, and conscientiously obsexwed the seventh day, which would make a good defense-if proven; and it is said in Hirn v. The State, 1 Ohio St. 16, not to be good practice to plead specially to an indictment, a matter which is competent and proper, by way of defense, under the plea of not guilty.
Upon the trial evidence was heard going to establish the averments of the plea which defendant had filed, and if no result could have followed from hearing the testimony *437 under the plea of not guilty different from that which would have followed if heard under the plea defendant did file, we do not see as there could have been any error “ affecting materially his substantial rights.” Criminal Code, § 192; 66 Ohio L. 316.
We can not see that there was any error in the action of the court upon this plea, such as would justify a reversal.
II. It is claimed that the information is insufficient, and that it should have contained'the matter set forth in the ■statute under the proviso. This statute, S. & S. 289, makes the act of common labor on Sunday an offense, but adds: “ Provided, nothing herein contained iu relation to common labor on said first day of the week, commonly called Sunday, shall be construed to extend to those who conscientiously observe the seventh day of the week as the Sabbath.”
We do not think it necessary that the information should have averred anything with reference to this proviso. It ■might be set up as a matter of defense.
In Hirn v. State, 1 Ohio St. 16, it is held that/1 a negative averment to the matter of an exception or proviso in •a statute is not requisite in an indictment, unless the matter of such exception or proviso enter into and become a ■part of the description of the offense, or a qualification of the language defining or creating it.” In this case it was held that the negative averment was necessary. It was an indictment for selling liquor, and the statute was : 11 Provided, that nothing contained in this section shall be so con.■strued as to make it unlawful to sell any spirituous liquors for medicinal and pharmaceutical purposes.” The matter of the proviso points directly to the character of the offense, is in the same sentence with it, and made a matei’ial ■qualification in the statutory description of it, and it was thereupon held that the indictment should have contained the negative averment, that the sale of the liquor was not for medicinal or pharmaceutical purposes, without which it was defective.
But the provision in the statute before us is not part of *438 the description of the offense; it is something in the nature of a personal privilege.
The rule as given in Hirn v. The State, is that when a criminal statute contains an exception in the enacting-clause, that exception must be negatived in the indictment but when the statute contains provisions and exceptions-iu distinct clauses, it is not necessary to allege that the defendant does not come within the exceptions, nor to negative the provisos.
In the act of May 1, 1854, 2 S. C. 1134, to provide against the evils resulting from the sale of intoxicating liquors, in the 8th section, it is provided that the provisions of the 1st and 4th sections shall not extend to certain wine, beer, ale, or cider. In an indictment for violating the 1st section, it is held not necessary that there should be an averment that the liquor sold was not wine, beer, ale, or cider. The proviso forming no part of the description of the offense, its; benefits must be taken advantage of by the accused in making his defense. Becker v. The State, 8 Ohio St. 391. In Stanglein v. The State, 17 Ohio St. 461, the indictment was for bigamy. The statute on the subject first, defines the-offense, saying that'if a married person, having a husband or wife living, shall marry again, they shall be guilty, etc. Then there is another clause of the section, just as in the-law we are considering, saying, that nothing in this section shall be construed to extend to a person where husband or wife has been absent five years and unheard of. The language of this proviso, is entirely similar to that of the one-before us. Its relation to the context is entirely similar,, and the two cases upon this point are quite analogous. In Stanglein’s case it was held not necessary in the indictment for bigamy to aver that the former husband or wife had not been heard from, etc. That fact, if it existed, being matter of defense to be proved by the accused. The court in this-case observe, that if provisos and exceptions are contained in distinct clauses, it is not necessary to state in the indictment, that the defendant does not come within the exceptions, or to negative the provisos it contains. These are- *439 matters of defense which the prosecutor need not anticipate, as they should more properly come from the prisoner.
The information in this respect, therefore, was not defective.
III. It is further claimed that defendant was entitled to trial by jury, and that he did not waive this right.
The record does not show that defendant demanded a jury, had he done so he would have been entitled to it, but he appears to have taken no action on the subject, and for all we know, he may have proceeded to trial by the court with entire willingness.
In the case of Dailey v. The State, 4 Ohio St. 57, under the probate act of 1853, the record showed that the accused “did not demand a jury.” This was held a sufficient waiver of the right.
Under that law, Swan, ed. 1854, p. 752, “ upon a plea other than a plea of guilty, if the defendant do not demand a trial by jury, the probate judge shall proceed to try the issue.” The case cited, differs from the one at bar only in this: there the record showed that no jury was demanded; here the record shows nothing whatever on the subject. We think, however, that the reasoning of that ease goes to show, that defendant remaining silent upon the subject can not complain for the first time, after conviction, that he has been deprived of a substantial right. But counsel say that defendant can not waive his constitutional right to trial by jury. We think this proposition is answered by Dailey’s case last cited; as to these minor offenses.
In Dailey’s case it was claimed that the law empowering the judge to try without jury was unconstitutional, but it was held not so, and that the defendant might waive the right if he saw fit.
There has been much discussion in this state as to what the accused might and what he might not waive.
In Parks’ case, 4 Ohio St. 234, which was a case of murder in the first degree, it was objected in error that the record did not show that the grand jurors, by whom the indictment was found, had the requisite qualifications of *440 electors. The court held that after a verdict for the state on a plea of not guilty, the accused can not go back and make a question in regard to the qualifications of the grand jurors not apparent on the record. Thus holding that if there were any such objections, they had been waived.
In Dillingham, v. State, 5 Ohio St. 280, it is held that the constitutional right of trial by jury is not infringed when the option is given to the accused to have the issue tried by the court or the jury, and he submits the case to the •court. This was an information before the police court for obtaining money for false pretenses.
In Smith v. State, 8 Ohio, 295, it is said that objections to an indictment which might have been fatal, if taken by plea in abatement, are waived by pleading over, and in that case it was held that an indictment designating the accused by initial letters, as a baptismal name, is good after verdict. And it was there .further held that, excepting matters of jurisdiction, a party may waive provisions of law intended for his benefit, and that it was no ground for arrest of judgment that the accused went to trial without a copy of the indictment, no exception being taken until after the verdict. The effect of that ease is, that if the record is silent on the subject, and no objection made for want of copy of the indictment, the right will be considered as waived. As in the case before us, if the record is simply silent as to a demand for a jury, it must be considered as "waived.
In Shoemaker v. State, 12 Ohio, 43-52, if the jurors do not possess the requisite qualifications, it is a cause of challenge which may be waived, and such waiver is consent to their qualifications, and that the cause be tried by them.
It is every day’s practice that if evidence is not objected to upon the trial, error as to its admission is waived. Clark v. State, 12 Ohio, 483.
In. Fouts v. State, 8 Ohio St. 98, the right of the accused to have a copy of the indictment was held to be waived by interposing no objection on account thereof before trial. In this case, Bartley, C. J., says, p. 103: “ It has been said *441 in broad and unqualified language that, in a criminal •cause, a defendant can waive nothing. But the inaccuracy of this assertion is shown in every day’s practice in our criminal courts. There are some things, it is very true, in criminal cases, which can not be waived. None of the proceedings essential to the jurisdiction and the foundation of the judgment of the court can be waived. But there are other matters in the proceedings in a criminal prose•cution which a defendant may waive.”
The right to a struck jury may be waived. Whitehead v. State, 10 Ohio St. 449.
In Williams & Haynes v. State, 12 Ohio St. 622, (per curiam), defendants were indicted for altering bank notes. They entered a plea of not guilty, waived a jury, and consented to be tried by the court. They were found guilty and sentenced to the penitentiary. The attorney-general appeared in court and submitted to a reversal of the judgment, upon the ground that upon a trial of the higher grade of crimes, it is not in the power of the accused to waive a trial by jury, and the court were of opinion that such is the law. See also Goodin v. State, 16 Ohio St. 344; Cantwell v. State, 18 Ohio St. 477.
We think, therefore, that as to minor offenses there can ■be no doubt but that defendant can waive a jury and submit to a trial by the court. The police judge has the power to hear the cause if a jury has been waived. 66 Ohio L. 176, § 167. The only question, therefore, is, did the defendant waive his right. As has been said, the record in•dicates nothing on the subject. Jt merely shows that, when the court ordered the plea of not guilty filed, the ■cause proceeded and evidence was heard. It does not show that defendant demanded a jury, nor that he excepted to proceeding without one. This failure to avail himself of his rights must be held to be a giviug of consent.
In Stewart v. The State, 15 Ohio St. 159, the court says : “ The fact that one of the jurors impaneled for the trial of the defendant in the court below had been a member of •the grand jury which had found the indictment in the *442 case, was clearly a good cause of challenge. But this right of challenge may be waived by defendant, and if he had full knowledge of the fact, his failure to make the objection at the proper time would constitute such waiver and justify the overruling of a subsequent motion to set aside the verdict on account of this fact.”
We think a defendant may waive his rights impliedly as well as expressly, and if he remains silent, when by speaking he could have obtained what he desired, it is too late to complain after his cause has proceeded to final adjudication.
IV. It is said the verdict is against the law and evidence.
The law is that those not amenable to this punishment are those “ who conscientiously do observe the seventh day of the week as the Sabbath.” S. & S. 289.
It is well understood, and such is the fact, that this proviso applies to the Hebrew race.
Billigheimer swears that lie conscientiously observed the seventh day as the Sabbath, and swears it with positive repetition. On cross-examination, however, he states that sometimes he closed up his billiard-room on Saturday and sometimes Sunday, but always one day or the other, and when he was closed up on Saturday it was because he was conscientiously observing that day at the time. Upon such days his man attended to the business, in order that his conscientious observance might not be interfered with, and always after such a Saturday the saloon was closed on the succeeding Sunday. He further states that on Saturday, the day before he was arrested, he closed his saloon because-he was conscientiously observing that day as his Sabbath, and wanted, moreover, to make a test case to determine his-rights in the premises, his object being to see if he could not keep open on Sunday, having duly observed the day before. Counsel had advised him that he must cease business, either upon the first or seventh day, and that if he observed the seventh, he might open, his saloon on the first. He is absolutely certain that he conscientiously observed the- *443 day before his arrest, for he says, in so many words, “ I conscientiously observed last Saturday as my Sabbath.”
The police court, with the witness before it, was perhaps better able to determine this nice question of conscience, than a court of error can possibly be. It is a delicate matter to pass upon, and that tiibunal may have thought that defendant’s custom of keeping open his saloon indifferently, as between the two days, was not that “ conscientious ” observance to which the statute refers, and that defendant may have mistaken the import of the phrase, as applied to-his own case. At all events, we can not see that the police-court so clearly erred as to justify a reversal. The judgment of the court of common pleas, therefore, will be affirmed.

Judgment accordingly.