State v. Priebnow.

THE STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. OTTO PRIEBNOW AND MANNO FREY, DEFENDANTS IN ERROR.

1. Criminal Law: AUTREFOIS ACQUIT: PLEA OF. The defendants were indicted, upon arraignment plead not guilty, and a jury was impaneled to try the cause. The defendants objected to any testimony being given in support of the indictment for the reason that it did not charge the commission of a crime. The objection was sustained and the jury discharged without a verdict and without objection by the defendants; *Held*, That this did not constitute an acquittal which could be plead and maintained as a plea in bar to a subsequent indictment.

2. ———: ———: PRACTICE. When a plea in bar is interposed to a prosecution upon indictment, which is clearly insufficient, a demurrer may be filed thereto without resorting to the formality of impaneling a jury to try the issue presented by the plea. But if the plea states facts which, if true, would constitute a bar to further prosecution, the truth of the plea must, in the absence of a valid agreement to proceed otherwise, be ascertained by a jury.

REESE, J

This is a proceeding in error by Wilbur F. Bryant, district attorney of the seventh judicial district, under the provisions of section 515 of the criminal code, for the purpose of obtaining the opinion of this court upon the questions presented by the record of the case. In order to a full understanding of the case it is necessary to briefly state the facts.

During the October term, 1882, of the district court of Cuming county, an indictment was duly presented against the defendants charging them with unlawfully cutting down, and injuring, destroying, and carrying away a large number of ornamental and shade trees of the value of one hundred and seventy-five dollars, then standing and growing in a grove, the property of David Neligh. To this indictment the defendants plead not guilty and a jury was impaneled to try the cause. The defendants objected to the introduction of any evidence in support of the indictment for the reason that the indictment did not charge a crime. Whereupon the court discharged the jury and required the defendants to enter into a recognizance in the sum of three hundred dollars for their appearance at the next term of court to await the action of the grand jury. To the ruling and orders of the court the district attorney excepted and brought the case to this court for review. The ruling of the district court was reversed by this court as appears by the report of the case in 14 Neb., 484..

At the October term, 1883, the grand jury of Cuming county returned another indictment against these defendants in all respects like the former indictment, except that it was alleged that the trees were standing and growing in a certain grove, the property of some person or persons to the jurors unknown.

To the second indictment the defendants plead in bar a former acquittal and presented as part of said plea a transcript of the proceedings upon the former indictment with the usual allegations of identity, etc. To this plea the district attorney demurred. The demurrer coming on for hearing the record shows that, "The court overruled the demurrer, to which ruling the state by her attorneys at the proper time excepted. Whereupon the court finds from its own records that the allegations of such plea are true as therein set forth, to which ruling the state by its attorneys excepted. Whereupon it is considered by the court that

the said plea be sustained, and judgment is hereby rendered accordingly." The court then ordered the defendants discharged, to all of which the district attorney excepted and now brings the cause into this court by petition in error, and assigns for error the ruling of the court in sustaining the demurrer and in the summary disposal of the case.

The plea in bar was clearly insufficient. Section 449 of the criminal code provides that, " The accused may then offer a plea in bar to the indictment that he has before had judgment of acquittal, or been convicted or been pardoned for the same offense; and to this plea the prosecuting attorney may reply that there is no such record of such acquittal or conviction, or that there has been no pardon; and on the trial of such issue to a jury the accused must produce the record of such conviction or acquittal, or the pardon, and prove that he is the same person charged in the record, or mentioned in the pardon; and shall be permitted to adduce such other evidence as may be necessary to establish the identity of the offense." The record upon which the defendants based their plea was attached to it and made a part of it, and by that record it is shown that the former indictment alleged the ownership of the property to be in David Neligh, and by the same record it is shown that there was no judgment of acquittal, and no verdict of the jury. The statute above quoted requires that there must have been a "judgment of acquittal" in order to justify such plea in bar. The plea in bar showed upon its face its insufficiency. Had the defendant objected to the discharge of the jury, in the first trial, without a verdict, and had the jury under the instruction of the court returned a verdict of not guilty and the court entered the formal judgment of acquittal, the question would remain as to whether that judgment would have been a bar to a prosecution under the second indictment, charging as it does the owner of the property to be unknown. But there being no judgment, and the action on the former indictment

being taken upon the motion of the defendants, their plea was certainly bad. *Wharton's American Criminal Law,* § 591. *McCorkle v. State,* 14 Indiana, 39. *Stewart v. The State,* 15 Ohio State, 159. There being nothing in the plea in bar to submit to a jury, the demurrer was properly interposed and should have been sustained. *Marshall v. State,* 6 Neb., 120.

Again, had the demurrer been properly overruled, we think the court erred in disposing of the case in the manner shown by the record. The section of the statute above quoted requires an issue to be joined upon the plea and the issue thus formed to be tried to a jury in the usual way. Had the district attorney declined to reply to the plea and elected to stand upon the demurrer, that fact being shown upon the record, the court might, perhaps, have dismissed the prosecution upon *that* ground but not upon the conclusion of fact from the inspection of the records. The statute provides a method for ascertaining the truth of the plea and that method should have been followed.