GEORGE S. ARNOLD V. STATE OF NEBRASKA.

FILED JANUARY 4, 1894. No. 4433.

1. **Criminal Law:** PLEA IN BAR: FORMER JEOPARDY: DEMURRER: JURY TRIAL. The prosecuting attorney may interpose a demurrer to a plea in bar offered under section 449 of the Criminal Code by a prisoner indicted for a felony, and have the judgment of the court, whether the facts stated in such plea are sufcient, if true, to prevent the trial of the prisoner for the crime for which he stands indicted and arraigned; but where the plea in bar is good, then the issues raised by it, and the state's reply thereto, must, and can only, be tried by a jury.

2. **Power to Waive Jury Trial of Issues Raised by a Plea in Bar.** In such a case it is beyond the power of the state's attorney and prisoner, by agreement, to substitute another tribunal than the one prescribed by statute for the trial of such issues. The law is designed for the protection of the state as well as the prisoner, and its mandates cannot be evaded by contract, nor can a prisoner charged with a felony waive the right to a jury trial of such issues.

3. ———. The language, "in the absence of a valid agreement to proceed otherwise," found in the second paragraph of the syllabus in *State v. Priebnow*, 16 Neb., 131, disapproved.

ERROR to the district court for Scott's Bluff county. Tried below before CHURCH, J.

*George W. Heist* and *Henry St. Rayner*, for plaintiff in error:

When a plea in bar is interposed to a prosecution upon indictment, and it states facts which, if true, would constitute a bar to further prosecution, the truth of the plea must be ascertained by a jury. (*State v. Priebnow*, 16 Neb., 131.)

*George H. Hastings, Attorney General*, for the state.

RAGAN, C.

George S. Arnold was tried in the district court of Scott's Bluff county for the crime of murder, found guilty, and sentenced to imprisonment in the penitentiary. From this judgment he prosecutes error to this court.

Arnold, at the time of his arraignment, August 26, 1889, offered to the indictment against him a plea in bar as follows: "Now comes George S. Arnold, defendant, in his own proper person, into court here, and having heard the indictment read in the above entitled cause, says that the state of Nebraska ought not further to prosecute said indictment against him, because at the December, 1888, term of the district court of Cheyenne county, Nebraska, held at Sidney, in said county, he, the said George S. Arnold, was indicted by the grand jury of said county on said charge; that he was duly arraigned in said court on said indictment and pleaded 'not guilty' thereto; that after having pleaded 'not guilty,' and being placed upon his trial, was lawfully acquitted by being discharged of the offense charged in said indictment." To this plea the prosecuting attorney filed the following reply: "Now comes W. J. Richardson, prosecuting attorney of Scott's Bluff county, state of Nebraska, and replying to the plea in bar of said

defendant, says that he denies each and every fact stated
therein." The record before us sets out: "On the 29th
day of August, 1889, the said plea in bar was tried to said
court; and after hearing the evidence and arguments of
counsel, the court did overrule the same, to which defend-
ant excepted." It appears that the court, and not a jury,
tried the issues of fact made by the plea in bar and reply
thereto, and this is assigned as error.

Section 449 of the Criminal Code provides: "The ac-
cused may then offer a plea in bar to the indictment that
he has before had judgment of acquittal, or been convicted,
or been pardoned for the same offense; and to this plea the
prosecuting attorney may reply that there is no record of
such acquittal or conviction, or that there has been no
pardon; and on the trial of such issue to a jury," etc. The
record does not disclose that Arnold demanded a jury to
try the truth of the facts alleged in his plea in bar, nor
does it disclose that he waived his right to a jury to try the
issues joined by such facts. But he did not need to de-
mand a jury for that purpose, as the law required the mat-
ter in issue to be tried, not by a judge, but by a jury; and,
if the prisoner had waived the jury, and the record so
showed, he would not be estopped from alleging the fail-
ure to try this matter to a jury as error. The statute was
designed for the protection of the state as well as the pris-
oner. His consent could not change the law. The rights
given him by statute he could not waive; and, even by
agreement with the state's prosecutor, the tribunal which
the law provided for the trial of this issue could not be
set aside and some other tribunal substituted. (*State v.
Lockwood*, 43 Wis., 403; *State v. Davis*, 66 Mo., 684;
*Williams v. State*, 12 O. St., 622; *State v. Mansfield*, 41
Mo., 470; *Allen v. State*, 54 Ind., 461; *Ward v. People*,
30 Mich., 116.) We have no doubt the prosecuting at-
torney may interpose a demurrer to a plea in bar offered
by a prisoner indicted for a felony and have the rul-

ing of the court whether the facts stated in the plea, if true, are sufficient to prevent a trial of the prisoner under the indictment under which he has been arraigned. (*State v. Priebnow*, 16 Neb., 131.) But where the allegations of the plea in bar, liberally and fairly construed, substantially state that the prisoner has before, by a court having jurisdiction, had judgment of acquittal, or in such court been convicted, or has been pardoned for the same offense for which he stands charged in the indictment to which the plea in bar is offered, then the truth of the facts averred in said plea must, and can only, be tried by a jury. This is laid down in *State v. Priebnow, supra*, in the second paragraph of the syllabus, in these words: " When a plea in bar is interposed to the prosecution upon indictment which is clearly insufficient, a demurrer may be filed thereto without resorting to the formality of impaneling a jury to try the issue presented by the plea; but if the plea states facts which, if true, would constitute a bar to further prosecution, the truth of the plea must, in the absence of a valid agreement to proceed otherwise, be ascertained by a jury." But the words, " in the absence of a valid agreement to proceed otherwise," import that a prisoner indicted for felony can, by agreement, waive his right to a jury trial of the issues made by the averments of his plea in bar, and the state's reply thereto. We do not think he can, and the language quoted above must be overruled. The error assigned is sustained, the judgment of the district court reversed, and the cause remanded with instructions to set aside the verdict and judgment and grant the plaintiff in error a new trial.

REVERSED AND REMANDED.