Bush v. State.

***

JOSEPH BUSH ET AL. V. STATE OF NEBRASKA.

FILED MAY 19, 1898.   No. 9919.

1. **Criminal Law:** PLEA IN ABATEMENT: WAIVER.  A plea in bar is, by our statute, to be deemed a waiver of a plea in abatement, and this is held to follow where both pleas are presented by a single pleading.

2. ———: PLEA IN BAR: JURY TRIAL.  Where the allegations of a plea in bar, liberally and fairly construed, substantially state that the prisoner has previously, by a court having jurisdiction, had a judgment of acquittal, the truth of the averments of the plea must be determined by a jury.

ERROR to the district court for Fillmore county. Tried below before HASTINGS, J. *Reversed.*

*L. W. Billingsley* and *R. J. Greene*, for plaintiffs in error.

*C. J. Smyth, Attorney General*, and *Ed P. Smith, Deputy Attorney General*, for the state.

RYAN, C.

The information in this case was filed in the district court of Fillmore county, and thereby the defendants were charged with having broken and entered, in the night-time, a certain bank building, and with having stolen therefrom a large sum of money. There was a conviction, and thereupon the defendants were sentenced to serve a term of seven years in the penitentiary. There were in the same pleading a plea in abatement and one in bar, but as the plea in bar was a waiver of the plea in abatement (Criminal Code, sec. 444), we shall consider merely that in bar, which was in this language: "The defendants, having heard read the information herein, say that the state of Nebraska ought not further to prosecute said information against them, because at the last term, 1897, of the district court of Fillmore county, Nebraska, held in Geneva, in said county, they, the said James Lovejoy and Joseph Bush, under the names of Leonhard and Doe, but being in fact the same persons, were duly informed against by the county attorney of Fillmore county, Nebraska, on the same charge. They were duly arraigned in said court on said information and pleaded not guilty thereto; that after having pleaded not guilty, and being placed upon their trial, they were acquitted by being discharged of the offense charged in said information and went acquit." The above language very closely follows that in which the plea in bar was couched in *Arnold v. State*, 38 Neb. 752, and in that case the plea was held sufficient both in form and substance. To the dual pleas in abatement and in bar there was in

this case interposed a demurrer on two grounds, which were: "First—Said plea includes a misjoinder of a plea in abatement and a plea in bar. Second—Said plea does not include facts sufficient to warrant any action of the court by way of abatement or otherwise, except the overruling thereof." The ruling on this demurrer is thus recited in the record before us: "And now, to-wit, on this same day, viz., November 12, 1897, this cause again came on to be heard on the plea filed by defendants herein, and the demurrer thereto filed by plaintiff, and the defendants being present in court and represented by their counselors as aforesaid, the same was duly submitted to the court, upon consideration whereof the court, being fully advised in the premises, does sustain the said demurrer to the said plea of the said defendants and announces to the defendants that they may try their plea in abatement to the jury as they try their case in chief, to which said ruling of the court the defendants Joseph Bush and James Lovejoy, by their counsel, then and there duly except." In *Arnold v. State, supra,* it was said: "But where the allegations of the plea in bar, liberally and fairly construed, substantially state that the prisoner has before, by a court having jurisdiction, had judgment of acquittal, or in such court been convicted, or has been pardoned for the same offense for which he stands charged in the indictment to which the plea in bar is offered, then the truth of the facts averred in said plea must, and can only, be tried by a jury." In the case under consideration the truth of the averments was admitted by the demurrer, and after this demurrer had been sustained there was no question which could be submitted to a jury. Because of the rulings of the court whereby the defendants were deprived of the right to a trial by jury of the facts alleged by them in bar of further proceedings, the judgment of the district court is reversed.

REVERSED AND REMANDED.