## JOE COWDEN v. STATE.

No. A-321.   Opinion Filed February 6, 1911.

(113 Pac. 202.)

1.  **CONSTITUTIONAL LAW—Trial by Jury—Waiver.** A person charged with a misdemeanor in the county court may waive a jury and be tried by the court. Section 20, art. 7, Constitution of the state, held to be self-executing, and intended to cover this class of cases.

2.  **APPEAL—Review—Findings of Fact by Court.** The finding of facts by the court upon the waiver of the jury has the same effect as if the case had been tried by a jury, and will not be disturbed on appeal if there is sufficient testimony tending to sustain it.

(Syllabus by the Court.)

*Appeal from Pottawatomie County Court; E. D. Reasor, Judge.*

Joe Cowden was convicted of maintaining a place where intoxicants were kept for sale, and he appeals. Affirmed.

*B. B. Blakeney* and *J. H. Maxey,* for appellant.

*Smith C. Matson,* Asst. Attv. Gen., for the State.

ARMSTRONG, JUDGE. On the 3d day of March, 1909, the county attorney of Pottawatomie county filed an information against the plaintiff in error, Joe Cowden, charging that he did "unlawfully, knowingly and wilfully keep and maintain a place in which there was received and kept spirituous, vinous, fermented and malt liquors and imitations thereof and substitutes therefor, to wit, whisky, beer, ale and wines, for the purpose of selling, bartering, giving away and otherwise furnishing the same." On the 4th day of March the appellant was arrested, arraigned, and entered a plea of not guilty. On the 24th day of March, 1909, his case came on for trial, the state appearing by the county attorney and the appellant appearing in person and by his attorneys, who in the court below were Freeling & Hood, and the state and the defendant below, appellant here, agreed to waive a trial by jury and agreed that the same be submitted to, tried, heard and determined by the court without the intervention of a jury,

and thereupon the court proceeded to hear the case. (Record, p. 8.) Having heard the evidence the court found the appellant guilty, and assessed his punishment at a fine of $100 and 30 days in jail, and on the same day entered judgment. Appellant filed motions for a new trial and in arrest of judgment, both of which were overruled, and he excepted. This case is briefed and argued in this court by B. B. Blakeney and J. H. Maxey for the plaintiff in error. They rely principally on the proposition that the defendant below, plaintiff in error here, could not waive the right of a trial by jury, and that the court had no jurisdiction to try the cause without the intervention of a jury, and that the judgment of the court is therefore void, citing section 19, art. 2, of the Constitution, on this subject, which is as follows:

"The right of trial by jury shall be and remain inviolate, and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men; but in county courts and courts not of record, a jury shall consist of six men. This section shall not be so construed as to prevent limitations being fixed by law upon the right of appeal from judgments of courts not of record in civil cases concerning causes of action involving less than twenty dollars. In civil cases, and in criminal cases less than felonies, three-fourths of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein."

This contention is untenable. It is only necessary for us to cite section 20 of article 7 of the Constitution on this point, as follows:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury."

Counsel evidently overlooked this provision or they would not have so earnestly insisted that their position is correct. This latter provision is a self-executing, plain, common-sense provision, intended to cover just such cases as this. The court below committed no error in this respect. The cases cited by counsel, both

from the Oklahoma Territorial Supreme Court and other courts, have no application since the adoption of our Constitution. The Supreme Court of this state in the case of *Farmers' Bank v. McCall,* reported in 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217, discusses this latter provision of the Constitution, and says that the highest evidence of waiver is by consent entered of record. The waiver is sufficient, and the trial court properly heard and determined the issues submitted.

On the question of the insufficiency of the evidence to sustain the judgment of the court, we do not think that position is well taken. The findings of the court below as to the facts have the same binding effect upon this court as if the case had been tried by a jury. If there is sufficient testimony tending to sustain the finding of the court below it will not be disturbed by this court on appeal.

Finding no errors affecting the substantial rights of the appellant, the judgment of the court below is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.