## W. I. DAVIS v. STATE.

No. A-5596.   Opinion Filed Sept. 18, 1926.
(249 Pac. 164.)

Pryor, Stokes & Carver, for plaintiff in error.
Geo. F. Short, Atty. Gen., for the State.

BESSEY, P. J. The plaintiff in error, here designated the defendant, was by information charged with robbery by the use of firearms. He was found guilty as charged, with his punishment fixed by a jury at confinement in the penitentiary for a term of 25 years.

The proof on the part of the state indicates: That the defendant was the owner and keeper of a jeweler's shop in Wewoka. That the person robbed, Nate Burnstein, was a traveling salesman, who called upon the defendant at his shop, where he displayed a large array of valuable jewelry, diamonds, and other precious stones. That the defendant induced and procured Floyd Haney to waylay and rob this salesman on the highway leading from Wewoka to Tecumseh. That, according to a pre-arranged plan between the two, Haney, at the point of a pistol, forced this salesman to leave the highway at a point where there were trees and underbrush, forcing

the salesman to get out of his car and place his arms about a tree, where Haney handcuffed him,. Haney then proceeded to open the cases containing the jewelry, which he removed to a cloth and which he placed in the salesman's car and drove away, leaving the, salesman handcuffed to the tree. Haney later sent the jewelry to the defendant, who hid it on his father's farm near Wewoka. Both were eventually apprehended and the jewelry recovered. Both made written confessions which they afterwards repudiated, declaring, finally, that Burnstein, the salesman, was not robbed but was a party to the conspiracy, and that their object was the perpetration of a fraud on the insurance company. Haney entered a separate plea of guilty and was sentenced to the penitentiary for a term of 25 years. At the trial of this defendant Haney was brought from the penitentiary and used as a witness for the state. The state's theory that there was indeed a robbery was well supported by the evidence, and the jury were justified in finding that the final claim of the defendant and his confederate, Haney, that they took the jewelry with Burnstein's consent, was a fabrication. There were many incidents, facts and circumstances in the record indicating that the stories they first told, after being apprehended, as outlined in their separate written confessions, admitting their guilt, were substantially correct.

The confession made involved a criminal conspiracy between the two and contained recitals of other crimes, indicating that defendant, Davis, acted as a "fence," and that Haney was for months an active confederate with defendant, Davis, in procuring and disposing of different kinds of stolen property. The defendant admitted making the written statement, but at the trial claimed that portions of the written statement first made were untrue.

When defendant submits himself as a witness, he

may be interrogated and cross-examined for the purpose of impeachment, or otherwise, the same as other witnesses. Creek v. State, 16 Okla. Cr. 492, 184 P. 917.

The evidence of the receipt and disposition of other stolen property was admissible for another reason. Such evidence had a tendency to show the relation and motives of the parties concerning the particular charge at issue; that both were engaged in an illegitimate business, including the offense at issue. 8 R. C. L. 198; Wigmore, vol. 1, § 329; McLaughlin v. State, 18 Okla. Cr. 627, 197 P. 717.

Haney, on behalf of the defendant, also denied the truth of his original confession, and after calling his attention to the confession, the state used the written confession in cross-examination to impeach his oral testimony. There was no impropriety in the method of cross-examination. Where a prima facie case of criminal conspiracy is shown, a wide latitude in cross-examination is permissible. Kuhn v. Poole, 27 Okla. 534, 112 P. 962; 28 R. C. L. § 221 et seq.

It is contended that certain remarks of the court and of the county attorney were prejudicial. Some of the remarks complained of were invited, if not encouraged, by the defendant's counsel. To some others there were no exceptions taken. Considering all that transpired at the trial, we think the court and prosecuting attorney exercised a remarkable degree of restraint and caution, and in this regard committed no prejudicial error.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.