Ex parte J. C. KING.

No. A-6907.   Opinion Filed Feb. 9, 1929.
(274 Pac. 682.)

John Remy and C. E. Castle, for petitioner.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. This is an original proceeding in habeas corpus. Petitioner alleges he is unlawfully restrained of his liberty by the warden of the state penitentiary at McAlester, Okla.; that heretofore he was charged in the district court of Payne county with the larceny of an automobile; he appeared in court with his counsel and entered a plea of not guilty; that he "asked the court that he be permitted to waive a jury and be tried by the court, without a jury;" his request was granted, and the case was tried to the court without a jury, who found the facts against the petitioner and sentenced him to serve a term of five years in the state penitentiary.

Petitioner contends that under section 20, art. 2, of the Constitution, the right to a jury trial cannot be waived by a defendant charged with a felony, citing section 2352, Comp. Stat. 1921, and numerous authorities, including Queenan v. Territory, 11 Okla. 261, 71 P. 218, 61 L. R. A. 324; In re C. W. McQuown, 19 Okla. 347, 91 P. 689, 11 L. R. A. (N. S.) 1136; 16 R. C. L. pp. 219, 220, § 36. Other authorities sustaining the contention are collated in 35 C. J. p. 198, notes. Authorities announcing a different rule are collated in 35 C. J. p. 199, note 68. The grounds upon which the rule is based differs widely in the opinions; some are based on the ground of public policy, but most of the cases are decided upon constitutional provisions, mandatory in terms, or predicated upon a want of statutory authority. Thus the Federal Constitution, § 2, art. 3, provides that the trial of all crimes except in cases of impeachment shall be by jury. Callan v. Wilson, 127 U. S. 540, 8 S. Ct. 1301, 32 L. Ed. 223; Freeman v. U. S. (C. C. A.) 227 F. 732; Low v. U. S. (C. C. A.) 169 F. 86.

In Kansas the waiver of a jury in felony cases is

prohibited. State v. Simons, 61 Kan. 752, 60 P. 1052. By statute in Texas a defendant cannot waive a jury in a felony case. Duncan v. State, 79 Tex. Cr. R. 206, 184 S. W. 195; Jones v. State, 52 Tex. Cr. R. 303, 106 S. W. 345, 124 Am. St. Rep. 1097. In other cases the state statute provides that the trial shall be conducted according to the course of the common law (Harris v. People, 128 Ill. 585, 21 N. E. 563, 15 Am. St. Rep. 153), and thereunder it is held that, in the trial of a criminal case at common law, a jury is indispensable. A like holding is made in several other states where the statute provides that the issues of fact must be submitted to the jury. In re Dawson, 20 Idaho, 178, 117 P. 696, 35 L. R. A. (N. S.) 1146; State v. Douglass, 96 Iowa, 308, 65 N. W. 151; People v. Smith, 9 Mich. 193; Arnold v. State, 38 Neb. 752, 57 N. W. 378.

This contention seems not to have been directly passed on in this state in a felony case. In misdemeanor cases it has been held that a jury may be waived and the case tried to the court. Cowden v. State, 5 Okla. Cr. 71, 113 P. 202. In Ex parte Wilkins, 7 Okla. Cr. 422, 115 P. 1118, the Cowden Case was reaffirmed, and in addition it was held that, in a superior court, where a legal jury must be composed of twelve men, a trial before a jury of six was an irregularity which the defendant could waive.

Section 20, art. 2, of the Constitution of this state, provides that in all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed. If this were the only constitutional provision upon the subject, there would be much force in the contention of petitioner, but our Constitution contains the further provision in section 20, art. 7, that: "In all issues of fact joined in any court, all parties may waive the right to have the same determined by a jury;

in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury."

This section of the Constitution does not take away the right guaranteed by section 20, art. 2, but permits one charged with crime to waive the right if he so elects. This court, in Opinion of the Judges, 6 Okla. Cr. 18, 115 P. 1028, a capital case, refers to this section of the Constitution as follows:

"Sec. 2275, Snyder's Stat. provides: 'Every person convicted of murder shall suffer death, or imprisonment at hard labor in the state penitentiary for life, at the discretion of the jury. Upon trial of an indictment [or information] for murder the jury, if they find the defendant guilty, must designate in their verdict whether he shall be punished by death or imprisonment for life at hard labor, and the judgment of the court shall be in accordance therewith. But upon a plea of guilty the court shall determine the same.'

"The sole question presented for our consideration is whether, according to a proper judicial construction, the concluding clause of the above section authorized the district court to pronounce and enter a judgment of death upon the defendant's plea of guilty, or whether, on the contrary, it is necessary under the statute to submit the question whether he shall be punished by death or imprisonment for life at hard labor to the discretion of a jury.

"There is no reason why this provision of the statute is not constitutional and valid. A conviction of crime may be had in three ways; either by the verdict of a jury, or by findings of fact by the judge where a jury is waived (sec. 20, art. 7, Const.), or by a plea of guilty. Where a defendant who is indicted or informed against for a capital crime in a court of competent jurisdction pleads guilty, the court is authorized to pronounce judgment and sentence against such defendant according to law. * * *"

Under section 20, art. 7, of the Constitution, supra, we are clearly of the opinion that an accused in a felony case may waive a jury to determine the facts and may

50

have the same determined by the judge. When so determined by the judge, the finding of the judge upon the facts has the force and effect of a verdict by a jury. It follows that the judgment rendered against petitioner is a valid judgment.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.