# Ex parte LLOYD HOLLINGSWORTH.

No. A-7662.   Opinion Filed March 15, 1930.
(287  Pac.  840.)

Corn & Corn, B. Harrison Wohl,  and  I. H. Looka-baugh, for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for respondent.

EDWARDS, P. J.   This is an original proceeding in habeas corpus; the petitioner alleges that he is illegally restrained of his liberty in the jail of Dewey county by the sheriff.   That such restraint is by virtue of a judgment and sentence of the district court of said county in a prosecution on a charge of murder wherein petitioner was convicted of manslaughter in the first degree  and  was sentenced to serve a term of eighteen years in the state penitentiary.   That the court was without jurisdiction to render judgment in said case, for the reason that after the impaneling of the jury for the trial of petitioner, and after the state had introduced its testimony, one of the twelve jurors impaneled was excused and eleven jurors returned the verdict against petitioner.   That petitioner

could not waive his constitutional right and be tried by less than twelve jurors.

There is no controversy as to the facts. It was agreed in open court that petitioner was regularly informed against, that a jury was duly impaneled, and the state introduced its testimony; then, on account of the sudden serious illness in the family of one of the jurors, it was stipulated and agreed in open court by the county attorney and the defendant and his counsel that the juror should be excused and the trial should proceed with eleven jurors, which later returned a verdict finding defendant guilty and assessing his punishment at eighteen years in the penitentiary, and judgment was rendered by the court accordingly. It is but fair to say that the counsel who represented defendant at the trial and joined in the stipulation has not presented the question, but other counsel were employed and have raised the point, as stated.

Article 2, § 19, state Constitution, provides in part:

"The right of trial by jury shall be and remain inviolate, and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men; * * * in criminal cases less than felonies, three-fourths of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. * * * "

Article 2, § 20, state Constitution, in part provides:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed. * * *"

This provision in the Bill of Rights confers a privilege and right on the defendant. It does not force him to have a jury trial.

Article 7, § 20, state Constitution, provides:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury."

Petitioner contends that the discharge of the juror and the trial with less than twelve jurors is not an irregularity but a defect affecting the jurisdiction of the court which may be inquired into and relief awarded on habeas corpus. The state contends that the defendant could waive the constitutional provision for a trial by twelve jurors, and that the verdict and judgment is valid, but say, if the court should hold otherwise, it is at most no more than an error not affecting the jurisdiction and which cannot be raised by habeas corpus.

There is a conflict in the decisions on the question of the right of a defendant in a criminal case to consent to a trial by a jury of less than twelve. Some of the states affirm the right to waive while others deny it. Some affirm the right in misdemeanor cases, but deny it in felony cases. 16 R. C. L. page 222, § 38; 35 C. J. page 198, § 105f. In this state it was undoubtedly the intention of the framers of the Constitution, as expressed in article 7, § 20, to permit the state and the defendant, where both agreed, to waive altogether the right to a trial by jury in criminal cases.

Under the usual rule a right. or privilege conferred by a statute or the Constitution may be waived. Harrold v. Territory, 18 Okla. 395, 89 Pac. 202, 10 L. R. A. (N. S.) 604, 11 Ann. Cas. 818; Stack v. State, 4 Okla. Cr. 1, 109 Pac. 126; Blair v. State, 4 Okla. Cr. 359, 111 Pac. 1003; State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091; Davis v. State, 35 Okla. Cr. 156, 249 Pac. 164; Radney v. State,

36 Okla. Cr. 240, 253 Pac. 914; Ex parte King, 42 Okla. Cr. 46, 274 Pac. 682, and authorities therein cited.

It appears to us that good sense and sound reason leads to the conclusion that, if an accused on trial may waive a jury altogether, or may waive other statutory and constitutional rights, he may waive the right to have a jury of twelve pass upon the question of his guilt or innocence and agree and stipulate that one of the jurors may be dispensed with. He had the right when the circumstance arose which called for the excuse of the juror to require a full panel of twelve. This would have required the discharge of the jury as then constituted and the impaneling of a new jury. The state also might have required the full panel. There may have been circumstances in the trial at the time which led defendant to desire to meet the case made by the state rather than to have a new jury impaneled and permit the state to again offer its evidence. He might consider it to be greatly to his benefit to waive the full panel. Should he be denied that privilege? Does the due administration of the law restrain his liberty or right to choose the course believed by him to be for his interest? We think not. We are aware, of course, that it may be argued that, if one juror may be dispensed with, so may any number be dispensed with. But in this connection it may be pointed out that the right to dispense with one or more jurors does not rest with the accused alone, but consent must also be given by the state and the court. We cannot anticipate that the state and the court would consent to a reduction of the panel to an unreasonable extent. In re Staff, 63 Wis. 285, 23 N. W. 587, 53 Am. Rep. 285; State v. Kaufman, 51 Iowa, 578, 2 N. W. 275, 33 Am. Rep. 148; Com. v. Dailey et al., 12 Cush. (Mass.) 80; Cowden v. State, 5 Okla. Cr. 71, 113 Pac. 202; Ex parte King, supra.

For the reasons assigned, we are of the opinion that the verdict and judgment are not void.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.