## BENNIE SANGO v. STATE.

No. A-8203. Nov. 21, 1931.
(5 Pac. [2d] 400.)

360

P. A. Chappelle and A. G. W. Sango, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted on the 22d day of May, 1931, in the district court of Tulsa county of the murder of one Chester Toney, and his punishment fixed by the jury at death.   The appeal was filed in this court on the 10th day of July, 1931.

The evidence of the state was that the defendant shot the deceased twice in the back as he walked away from defendant; that deceased staggered into a restaurant and defendant followed him in and shot him again; that deceased died from the effect of these wounds a short time afterward.

Deceased's son, testifying for the state, said that deceased invited defendant to come into the restaurant, and opened the door and started to go in; that defendant drew his gun and the witness struck him, but that defendant

immediately fired the shots into his father's back and followed him on into the restaurant.

Defendant claimed that he fired the shots in his own self-defense; that deceased threatened him and deceased's son made an attack on him.

Defendant contends that this evidence is insufficient to support the verdict of the jury.

From a careful reading of the record we are unable to see how an honest jury could arrive at any other verdict except murder.

Defendant next contends that he did not have a fair trial, because he was compelled to defend the case twice in one week.

It appears from the record that the information was filed on the 25th day of March, 1931, and defendant's first trial began on the 18th day of May, 1931. When the case was called for trial, the state and the defendant announced ready. For some reason not appearing in the record the jury disagreed. The trial court immediately set the case for retrial on May 21, 1931. No objection was made by defendant and no motion for continuance was ever subsequently filed by his attorneys. When the case was called for trial on May 21st, defendant and his attorneys being present in open court, both sides announced ready for trial and agreed to a jury of twelve men. This jury found the defendant guilty, and he now complains that he was not given sufficient time to prepare for his second trial.

Section 2733, C. O. S. 1921, provides:

"In all cases where a jury are discharged or prevented from giving a verdict, by reason of an accident or other cause, except where the defendant is discharged from the indictment or information, during the progress of the

trial, or after the cause is submitted to them, the cause may be again tried at the same or another term, as the court may direct."

It was not error for the trial court to bring the defendant to trial again at the same term of court.

Defendant next complains that the court erred in admitting incompetent evidence, but a careful examination of the record reveals that there is no merit in this contention.

Defendant next contends that the court erred in allowing the introduction in evidence of defendant's written and signed statement which he made to the police immediately following the shooting.

In Mays v. State, 19 Okla. Cr. 102, 197 Pac. 1064, in paragraph 2 of the syllabus, this court defined "confession":

"A confession is a voluntary statement made by a person charged with the commission of a crime, wherein he acknowledges himself to be guilty of the offense charged, and discloses the circumstances of the act, or the share and participation which he had in it."

In paragraph 5 of the syllabus of the same case, this court said:

"Where the competency of a confession is challenged on the ground, that, if made, it was not voluntary, its admissibility is primarily a question for the court. In the absence of the jury, the court should hear the evidence offered respecting the facts and circumstances attending such alleged confession, and the burden is on the defendant to show that it was procured by such means or under such circumstances as to render it inadmissible, unless the evidence on the part of the state tends to show that fact. If it is held competent, and proof of the same admissible, the defendant is entitled to have the evidence in regard to the

facts and circumstances under which it was made given anew to the jury, not that the jury may pass upon its competency or admissibility, but for the purpose of enabling them to judge what weight and value should be given to it as evidence, and the jury may disregard it if they are not satisfied that it was voluntarily made."

Defendant next contends that the court erred in allowing testimony concerning defendant's shooting of Lillian Toney.

It appears from the confession of the defendant that he admitted the whole trouble was over this woman. The evidence discloses that defendant followed Lillian Toney across the street, and that she went into a cafe; that as deceased started to go into the cafe, defendant shot him twice in the back, and shot him again as he was falling to the floor, and then with the same pistol and with the two remaining bullets in this pistol he turned upon Lillian Toney and killed her at the same time—clearly a part of the res gestae—and tends to throw light upon the killing of the husband.

In Miller v. State, 9 Okla. Cr. 255, 131 Pac. 717, L. R. A. 1915A, 1088, this court held that any evidence tending to show defendant's guilt is admissible although it also tends to prove a separate and distinct crime.

To the same effect are: Cross v. State, 11 Okla. Cr. 117, 143 Pac. 202; McLaughlin v. State, 18 Okla. Cr. 627, 197 Pac. 717.

Defendant next contends that the court erred in permitting the assistant county attorney to make certain improper remarks to the jury over the objection of defendant.

The remarks complained of are:

"Mr. Hanson: * * * The attorneys for the defendant in this case were present at the preliminary hearing in the court of common pleas, were likewise present at the trial of this case had in this court room two days ago, but they did not have certain witnesses testify for the defendant, and they would have had more witnesses perjure themselves but their money must have given out. Mr. Chappelle: Comes now the defendant and objects to the remarks of the assistant county attorney for the reason same are not proper; that it is improper argument in the trial of this case and prejudicial to the rights of the defendant. The Court: Overruled. Mr. Chappelle: To which the defendant excepts."

When the case was orally argued, there was some dispute as to whether this was a correct statement of what Mr. Hanson, the assistant county attorney, said. An examination of the record discloses that Mr. Hanson and Mr. Chappelle stipulated that the language above set out was used by the assistant county attorney in his argument to the jury, and this stipulation is incorporated into and made a part of the case-made.

It is not every misconduct in examination of witnesses or argument that requires a reversal of the case. Crowell v. State, 42 Okla. Cr. 392, 276 Pac. 518; Bainum v. State, 45 Okla. Cr. 330, 282 Pac. 903.

In the case at bar, the record leaves no doubt of the guilt of the defendant. No honest jury in the light of this evidence could have returned any verdict except that of murder. This court believes that this misconduct of the county attorney may have influenced the jury in fixing the penalty at death, and for that reason we are modifying the judgment and reducing the punishment from death to life imprisonment in the state penitentiary.

For the reason stated, the judgment is modified from death to life imprisonment in the state penitentiary, and, as modified, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.