## STATE v. ASHER BRADY SCHAVE.

No. A.-9782.   April 30, 1941.
(113 P. 2d 203.)

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., and Walter Marlin, Asst. Co. Atty., both of Oklahoma City, for the State.

Judd L. Black, of Oklahoma City, for defendant.

BAREFOOT, P. J.   Defendant Asher Brady Schave was charged in the district court of Oklahoma county with the crime of forgery in the second degree, was tried before the court without a jury and found not guilty, and the state has appealed on a reserved question of law.

Two propositions are presented:

"First.   The court erred as a matter of law in holding the evidence insufficient to support the charge, and acquitting the defendant.

"Second.   The court erred in excluding the oral statement of the defendant, Asher Brady Schave, offered in evidence by plaintiff."

The statute upon which the information was based was Oklahoma Statutes 1931, section 2126, O. S. A. title 21, sec. 1578, which is as follows:

"Every person who with intent to defraud, has in his possession any forged, altered or counterfeit negotiable note, bill, draft or other evidence of debt issued or purporting to have been issued by any corporation or company duly authorized for that purpose by the laws of this state or of any other state, government or country, the forgery of which is hereinbefore declared to be punishable, knowing the same to be forged, altered or counterfeited, with intent to utter the same as true or as false, or to cause the same to be so uttered, is guilty of forgery in the second degree."

The evidence on the part of the state was that defendant was arrested by two police officers in Oklahoma City who had picked him up on a vagrancy charge and held him in the city jail for what they termed "investigation". He had recently returned from McAlester Penitentiary, where he had served a year for drunken driving.   It was also charged in the information that he had been formerly convicted of a felony in Oklahoma county on a charge of larceny by fraud.   At the time of his arrest there was

found on his person a certain check which was as follows, to wit:

"Seaboard Petroleum Co.
of                    No. 33560
New York, N. Y.
                    March 22, 1939.

Pay To The
Order Of:        R. B. English          $4700.00
Forty-seven Hundred and No/100 . . . Dollars
Union Bank And Trust Co.
    New York, N. Y.

                              ⎧E. H. Rogers,
               Treasurer's Check ⎨Cashier
                              ⎩Vice President
Countersigned: W. R. Hodges."

Attached to this check was an oil and gas lease on 223 acres of land in Lee county, Texas, the terms of which it is unnecessary to here state. While being held in the city jail and without being permitted to have counsel or consult with anyone, he was questioned by the city police, and a written statement was prepared by one of them, and when presented to defendant, he refused to sign the same. This unsigned statement was offered in evidence by the state. It was as follows:

"Statement of
"Asher Schave, age, 34, of 110 E. 6th, Oklahoma City, Oklahoma, relative to a forged check found on his person.
"Oklahoma County,    ⎫ ss.
"State of Oklahoma,  ⎭

"I, Asher Schave, make the following statement of my own free will and accord without threat or promise on the part of any one concerned, having been advised that what I may say herein may be used as evidence in the event criminal charges are filed:

"I have been out of McAlester about two weeks. I finished doing one year for Drunken Driving. Since that time, I have been living at 110 E. 6th, this city. About two nights before I got in jail, this time, I was at 131 E.

6th, which is a pool hall and beer garden. Ed Sweeney and a boy by the name of Bob and a couple of other men whose names I do not care to divulge, and, I, were sitting at a table together. The boy named Bob, pulled a lease on some property in Lee County, Texas, No. 33560, and a check attached to it paid to the order of R. B. English, dated March 22, 1939, to the amount of $4700.00 signed by E. H. Rogers, Cashier, Vice-President, Countersigned by W. R. Hodges, of the Seaboard Petroleum Company of N. Y., N. Y. This check was drawn on the Union Bank and Trust Company of New York, and is entitled a 'Treasurer's Check.' The boy called Bob put this lease and check out on the table, and I picked it up and put it in my pocket, and kept it there until I was arrested. Also, at the time I was arrested, I had a .32 Owl Head revolver No. 84187. I do not know any of the men whose names appear on this check. We were all sitting around this table drunk, and 'Bob' pulled this lease out of his pocket and fell over on the table. I then picked it up and did not even know I had it until I was arrested.

"I, Asher Schave, have read the above and foregoing statement, made by me in the presence of witnesses in the Detective Bureau of the Oklahoma City Police Department this 13th day of June, 1939, and do hereby state that all the facts contained herein are truth to the best of my knowledge, so help me God.

"Signed——————————".

The court sustained objections to the introduction in evidence of this statement for the reason it was unsigned and defendant refused to sign it. The state then attempted to prove by the officers that the statements made therein had been made to them by the defendant. The refusal of the court to permit the introduction in evidence of the unsigned statement and the refusal of the court to permit the officers to testify he had told them the statements made therein were true, and that the court erred in finding the defendant not guilty, and discharging him, are the errors complained of in this appeal.

In the first place, where a jury is waived and the case is tried before the court, the weight and credibility of the evidence as determined by the court is the same as if determined by a jury, and it will be given the same force and effect. Ex parte J. C. King, 42 Okla. Cr. 46, 274 P. 682; O. S. A. Constitution, section 20, article 7.

Under the statute above quoted, the possession of a "forged, altered or counterfeit negotiable note, bill, draft or other evidence of debt" with intent to defraud, "knowing the same to be forged, altered ,or counterfeited, with intent to utter the same as true or as false, or to cause the same to be so uttered", is forgery in the second degree. Under this statute the main ingredients that are necessary are "possession", "intent" and "knowledge". It is true that from the fact of possession there may arise a presumption that there was an "intent" or a "knowledge", but in the last resort this is a question for a court or jury to decide, as to whether the evidence in its final analysis is sufficient to supply the "intent" and the "knowledge". The court, after hearing the evidence in this case, came to the conclusion that it was insufficient to establish an intent on the part of the defendant to use the draft or check found in his possession for an illegal purpose. It is not for this court to say that the court was wrong in coming to this conclusion. The evidence revealed no overt act on his part in which he attempted to utter or pass the instrument. The statement which he refused to sign and the statement of the officers nowhere showed any attempt on his part toward the uttering or passing, or that he forged the instrument found in his possession. It is true a gun was found in his possession at the time of his arrest, and that he had served a previous term in the penitentiary and, as the trial court suggested, he probably "ought to be put in the penitentiary", but the evidence did not reveal

his guilt under the law, and he was discharged. We do not find that the court erred as a matter of law in holding the evidence insufficient to support the judgment and acquitting the defendant.

As above stated, we do not think the court erred in refusing to admit in evidence the unsigned statement offered by the state under the facts and circumstances in this case; and did not err in refusing to permit the officers to testify that defendant had made statements to them which they had written into the unsigned statement which he refused to sign. The court came to the conclusion that the statements were not voluntarily made and that they were made under duress and were therefore inadmissible. Miller v. State, 13 Okla. Cr. 176, 163 P. 131, L. R. A. 1917D, 383. In this we find no error. The statement does not constitute a confession, but it admits the possession of the check or draft and gives an explanation of how he came in possession of the same. It admits his having been in the penitentiary and of being released therefrom two weeks prior thereto. The same could have been admitted in evidence, yet the court would be justified in coming to the conclusion that defendant was not guilty under the law and should be discharged.

For the reasons above stated, the judgment of the district court of Oklahoma county is affirmed.

JONES, J., concurs. DOYLE, J., absent.