John Edward SWIFT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18130.

Court of Criminal Appeals of Oklahoma.

May 4, 1973.

Arthur Stevener, Jr., El Reno, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden III, Legal Intern, for appellee.

BUSSEY, Judge:

Appellant, John Edward Swift, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Canadian County, Case No. CR–72–212, for

the offense of Murder; his punishment was fixed at life imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite the statement of facts. The record reflects that after both sides had rested, one of the jury panel became ill and was unable to continue the trial. The defendant specifically objected to the trial continuing with an eleven-man jury. The trial court overruled defendant's objections and after arguments of counsel, the court submitted the cause to an eleven-man jury, who found the defendant guilty.

Defendant argues that he was denied the fundamental right to a trial by a jury of twelve persons as outlined under Article II, §§ 19 and 20 of the Constitution of the State of Oklahoma, by the trial court allowing the trial of defendant's case to proceed to an eleven-man panel without consent of the defendant. This proposition is well taken. Article II, § 19 of the Constitution of the State of Oklahoma states as follows:

> "The right of trial by jury shall be and remain inviolate, except in civil cases wherein the amount in controversy does not exceed One Hundred Dollars ($100.-00), or in criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Hundred Dollars ($100.00). Provided, however, that the Legislature may provide for jury trial in cases involving lesser amounts. Juries for the trial of civil and criminal cases *shall consist of twelve (12) persons;* but in the trial of misdemeanors, proceedings for the violation of ordinances or regulations of cities and towns, juvenile proceedings, actions for forcible entry and detainer, or detention only, of real property and collection of rents therefor, and civil cases concerning causes of action involving less than Twenty-five Hundred Dollars ($2,500.-00), juries shall consist of six (6) persons. In civil cases, and in criminal cases less than felonies, three fourths (¾) of the whole number of jurors concurring shall have power to render a verdict. *In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein."* (Emphasis added.)

In Dalton v. State, 6 Okl.Cr. 85, 116 P. 954 (1911), this Court stated in the first paragraph of the Syllabus:

> "In all criminal trials in courts of record except county courts, in which a defendant is entitled to a jury, the jury must consist of 12 men. The right to demand in such cases a jury of 12 men is a constitutional right."

The judgment and sentence is, accordingly reversed and remanded for a new trial.