Tommy Lee **HAYES**, Appellant,

v.

The **STATE** of Oklahoma,
Appellee.

No. F–75–163.

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1975.

OPINION

BLISS, Judge:

Appellant, Tommy Lee Hayes, hereinafter referred to as defendant, was charged in the District Court, Pottawatomie County, Case No. CRF-73-200, for the offense of Driving While Under the Influence of Intoxicating Liquor, second and subsequent offense, in violation of 47 O.S. 1971, § 11-902, and in a non-jury trial was tried and convicted for said offense. The trial court fixed his punishment at a term of three (3) years' imprisonment and a fine of One Thousand ($1,000.00) Dollars. From said judgment and sentence a timely appeal has been perfected to this Court.

The defendant contends that he was entitled to a jury trial, and that, although the minutes of the record show that this right was waived, the record does not clearly reflect that the defendant himself validly waived his right to a jury trial and, therefore, his conviction and sentence are constitutionally infirm citing *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L. Ed.2d 491 (1968) and Article III of the United States Constitution, § 2, clause 3, and Amendments Six and Fourteen and Article II of the Oklahoma Constitution, § 20.

The facts necessary for determination of the matter on appeal are as follows. The information was filed on May 29, 1973, charging the defendant with the crime of Driving Under the Influence of Intoxicating Liquor, second and subsequent offense. On the 29th day of June, 1973, the defendant and his attorney, Mr. Floyd Henson, appeared and did affirmatively in open court waive defendant's right to a preliminary hearing. Upon a plea of not guilty, the case was set on disposition docket for the 28th of August, 1973, at which time the case was reset on disposition docket for the 16th of October, 1973. The minute for the 16th of October, 1973, reflects the following, "jury waived." The case was reset at this time for May 16, 1974. On the 16th

Kenneth B. Kienzle, Jr., and Deborah C. Shallcross, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David O'Brien, Legal Intern, for appellee.

of May, 1974, the case was continued whereafter on the 9th day of July, 1974, the cause was reset for non-jury trial on July 26. On July 26, 1974, the cause was passed to July 30 at which time defendant made a request for a jury trial with said request overruled. Whereupon the cause was tried before Judge Floyd Henry and defendant was convicted as charged.

An appropriate inquiry raises the question of how one accused of a crime may effectuate a valid waiver of trial by jury. After extensive research of State and federal law on this area we feel constrained to examine the methods by which we feel an accused may waive trial by jury. The methods discussed will presume the court and the State also consents to the accused waiving trial by jury. See, *Crawford v. State*, Okl.Cr., 536 P.2d 988 (1975) and *Morrison v. State*, 31 Okl.Cr. 11, 236 P. 901 (1925).

█ Certainly the better practice is for the accused to waive trial by jury personally and in open court either orally or in writing and further that at such time the trial judge make inquiry of the accused to assure in his mind the accused's waiver is expressly and intelligently made. This practice assures a record which will be conclusive evidence of a valid waiver and thus impedes collateral attacks of convictions premised on the convicted defendant alleging he did not validly waive trial by jury.

█ The second situation which may occur in waiver of trial by jury is where the accused and his counsel are present in open court and at that time counsel waives trial by jury on behalf of the accused. If the accused in that instance stands by and allows the waiver, then the accused will be deemed to have acquiesced in his counsel's actions and thus validly waived trial by jury. This situation also provides a sufficient record to evidence a valid waiver of trial by jury.

█ The instant case is illustrative of the final category of cases where counsel in open court and in the absence of the accused waives trial by jury on behalf of the accused. This situation may raise a presumption of a valid waiver and will be so held unless the accused presents evidence to show that he either did not authorize or consent to counsel's waiver or evidence that he did not ratify the waiver in any manner. If the defendant presents such evidence, then a rebuttable presumption arises that the defendant did not waive trial by jury. The State then can only rebut this presumption if the evidence from the record affirmatively and overwhelmingly shows the defendant consented, authorized or ratified counsel's waiver upon his behalf. Defendant, in the instant case, testified that he did not remember counsel discussing the waiver with him and further he, at the commencement of trial, objected to trial before the judge and motioned for trial by jury. Evidence further supportive of the defendant's position is statements of his counsel who waived the trial by jury prior to commencement of trial and before the trial judge to the effect that counsel said he was not certain that he had discussed the October 16 waiver with the defendant. After a careful examination of the record we do not find sufficient evidence to show the defendant authorized or consented to the October 16 waiver by counsel, nor do we find any evidence to show the defendant ratified the waiver.

In light of the facts and circumstances here presented, we are of the opinion that the judgment and sentence appealed from should be, and the same hereby is, reversed and remanded for a new trial.

BRETT, P. J., and BUSSEY, J., concur.