**Bill Reynold WABAUNSEE, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–64.**

Court of Criminal Appeals of Oklahoma.

Aug. 13, 1976.

Jon B. Wallis and Larry L. Oliver, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Annis Kernan, Legal Intern, for appellee.

OPINION

BUSSEY, Judge.

Appellant, Bill Reynold Wabaunsee, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–73–224, for the offense of Larceny of Merchandise From a Retailer, in violation of

21 O.S.1971, § 1731. His punishment was fixed at a term of three (3) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

As far as the assignments of error are concerned, we do not deem it necessary to recite a detailed statement of facts; suffice it to say, the evidence offered on behalf of the State of Oklahoma was that on January 31, 1973, the defendant removed a blue suede coat from the rack at the Sears Store in Tulsa, covered it with his coat and left the store. The defendant was arrested outside the store with the coat in his possession. The defendant was returned to the store, advised of his Miranda rights, and asked the arresting officer if he could pay for the coat. The evidence on behalf of the defendant was that defendant was trying to match the blue suede coat with a pair of slacks he had previously purchased for his wife. He asked a saleslady if he could take the coat to his car and make a comparison. The saleslady complied with his request. The defendant left the store and was arrested shortly thereafter. It was established in rebuttal that the store policy forbade merchandise to be removed from the store until it was purchased.

█ The first assignment of error is that the trial court abused its discretion by not allowing defendant to withdraw his waiver of trial by jury. We have carefully examined the transcript of the waiver hearing and are of the opinion that the trial court did not abuse its discretion. The record reveals the following at pages 2–4:

"BY THE COURT:

"Q. Mr. Wabaunsee, how old are you, sir?

"A. Forty-six.

"Q. You understand you have the right to a jury trial the same as the other defendants that I have talked to this morning. You understand this?

"A. Yes.

"Q. By having a jury trial you understand you have the same right. You have the right to have twelve jurors selected and seated in the jury box, and have them listen to the testimony presented by the State, and to have them listen to testimony presented by witnesses in your own defense, and have them hear your testimony if you choose to testify, but by the same token along this line we cannot require you to testify. Do you understand this?

"A. Yes.

"Q. If after hearing the testimony if they found you guilty they would fix the punishment in this case. Do you understand this?

"A. Yes.

"Q. Have you been advised what punishment this crime carries?

"A. Yes.

"Q. What have you been advised?

"MR. FRASIER: I don't know. I don't recall having advised Mr. Wabaunsee of that. I believe since it is a first offense, it carries five years.

"Q. You understand it carries up to five years, Mr. Wabaunsee?

"A. Yes.

"Q. You understand if the jury found you guilty they could fix some punishment up to five years in the custody of the State Department of Corrections?

"A. Yes, sir.

"Q. Do you tell me that you wish to give up or waive your right to a jury trial and submit the matter to the court?

"A. Yes, sir.

"Q. Are you under the influence of any medication, drugs or alcohol this morning?

"A. No, sir.

"Q. Do you feel you fully understand what I have told you so far?

"A. Yes, sir.

"Q. There have been no promises or inducements made to you to get you to waive your right to a jury trial?

"A. No, sir.

"Q. No one has threatened you in any way?

"A. No, sir.

"Q. Have you been represented by Mr. Frasier throughout all the proceedings in this case so far?

"A. Yes, sir.

"Q. Have you been satisfied with his representation?

"A. Yes, sir.

"Q. Do you have any questions you would like to ask regarding your waiver of a jury trial?

"A. No, sir.

"Q. If you wish to waive your right to a jury trial I will ask you to sign the jury waiver form the Clerk has before you.

(Defendant signs jury waiver form) . . ."

It is thus abundantly clear that the defendant knowingly and voluntarily waived his right to jury trial. In *Hayes v. State*, Okl.Cr., 541 P.2d 210 (1975), we stated:

"Certainly the better practice is for the accused to waive trial by jury personally and in open court either orally or in writing and further that at such time the trial judge make inquiry of the accused to assure in his mind the accused's waiver is expressly and intelligently made. This practice assures a record which will be conclusive evidence of a valid waiver and thus impedes collateral attacks of convictions premised on the convicted defendant alleging he did not validly waive trial by jury."

Since the trial court scrupulously observed the guidelines laid down in *Hayes*, supra, we find this assignment of error to be without merit.

The final assignment of error contends that defendant was denied his constitutional guarantee to a speedy trial and that he was not tried until two and one-half years after he was charged with the offense. The Appearance Docket reflects the following:

2–1–73—defendant made initial appearance, entered the plea of not guilty and was released on bond

2–16–73—preliminary hearing passed by request of defendant

3–13–73—defendant failed to appear at preliminary hearing. Bond forfeited

3–27–73—bond forfeiture stricken, preliminary hearing reset

4–10–73—defendant bound over for trial

5–10–73—defendant entered plea of not guilty; case passed to June jury docket

6–7–73—defendant waived jury trial; case set for September 7, 1973 on jury trial

9–7–73—case passed court disposition to 12–10–73 at request of defendant

12–10–73—case passed for disposition to 4–1–74 at request of defendant

4–1–74—defendant fails to appear; bench warrant issued

4–12–74—disposition passed to 6–10–74 at request of defendant

8–16–74—case passed to 9–6–74 for plea

9–9–74—case passed until 11–8–74

11–8–74—case passed until 2–18–75

2–18–75—case passed to 3–5–75

3–5–75—case passed to 3–18–75

4–1–75—Frasier allowed to withdraw as attorney of record; case set for non-jury trial 4–28–75

4–15–75—defendant files various motions including a motion to vacate waiver of jury trial and motion for continuance

4–28–75—case continued until May 5, 1975

5–5–75—defendant fails to appear; bench warrant take under advisement awaiting doctor's report

5–16–75—hearing on motion on non-jury trial passed to 5–30–75

5–30–75—case passed to 6–4–75 for non-jury trial

6–4–75—non-jury trial.

It is thus readily apparent that from February 16, 1973, until March 12, 1974, the case was passed, either due to defendant's request or his failure to appear for settings. The record does not reflect why the case was continued, nor does the record reflect who requested the continuance. The record does not reflect that at any time defendant objected to various resettings of the case.

In the recent case of *Bauhaus v. State*, Okl.Cr., 532 P.2d 434 (1975), we cited with approval *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which stated:

> " 'The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed.
>
> 'A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors . . . . Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. . . .' "

Applying those factors to the instant case in which we find that the length and delay was approximately two and one-half years, the reason for the defendant's delay rests primarily with the defendant's own actions; that the defendant did not at any time assert his right to a speedy trial; and that the defendant has not in any manner shown how he was prejudiced by the length of the delay.

We, therefore, find the final assignment of error to be without merit. The judgment and sentence appealed from is accordingly, *AFFIRMED*.

BLISS, J., concurs.

BRETT, P. J., dissents:

I respectfully dissent to this decision for the reason I fail to see how the State would have been injured by granting the defendant a jury trial. By the same token, the defendant testified that he waived the jury trial on advice of his first attorney, who caused him to believe that the charge would be dismissed in the event the jury trial was waived. Therefore, I believe he should have been permitted to withdraw his waiver of jury and should have been granted a jury trial.