**Norman Ross FILLMORE, Petitioner,**

v.

**Richard CRISP, Warden et al.,
Respondents.**

**No. CIV–77–1229–D.**

United States District Court,
W. D. Oklahoma.

April 12, 1978.

**311**

ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of *habeas corpus* by a State prisoner confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, who challenges his detention by virtue of the judgment and sentence of the District Court of Oklahoma County, State of Oklahoma, in case No. 34,358. Therein, petitioner was charged with the crime of Robbery With Firearms After Former Conviction of a Felony. He was first tried before a jury which found him guilty and fixed his punishment at 60 years imprisonment. In accordance with the verdict of the jury judgment and sentence was pronounced on June 10, 1968. The petitioner requested a casemade so that he might appeal to the Oklahoma Court of Criminal Appeals. Before the casemade was prepared and the appeal perfected the court reporter who had recorded the trial died and petitioner was granted a new trial. At the second trial the petitioner was again convicted of Robbery With Firearms After Former Conviction of a Felony and the jury fixed his sentence at 75 years imprisonment. Judgment and sentence was pronounced on the second conviction on April 18, 1969. This time a direct appeal was perfected to the Oklahoma Court of Criminal Appeals. On March 31, 1971 that court modified the sentence to 60 years imprisonment and as modified, affirmed the trial court. *Fillmore v. State,* 483 P.2d 750 (Okl. Cr.1971).

The petitioner claims that he is entitled to release from custody on the following grounds:

1. Petitioner's punishment was *enhanced* by the use of his convictions in cases No. CRF–25–950 and CRF–28–579, District Court of Oklahoma County, which convictions were constitutionally void because the petitioner did not have counsel and did not waive counsel.

2. Petitioner's in-court identification was tainted by a pretrial *line-up* without counsel which was unnecessarily suggestive.

Norman Ross Fillmore pro se.

Larry Derryberry, Atty. Gen. by Gary G. Prochaska, Asst. Atty. Gen., Oklahoma City, Okl.; for respondents.

3. The prosecuting attorney knowingly allowed the State's witness to give *false testimony* without correcting it.

4. The trial court violated petitioner's constitutional right against *double jeopardy* when, on its own motion, it ordered a new trial after the court reporter who recorded the proceedings at his first trial died.

5. The trial court erred in not submitting to the jury with instructions *a confession* by James Kenneth Johnson that he was the actual perpetrator of the offense with which the petitioner was charged.

6. The trial court committed error at the conclusion of the courtroom testimony of James Kenneth Johnson when the court allowed "the prosecuting attorney to approach the bench and hold *private discussion outside the presence and hearing of petitioner's court-appointed counsel and* the court reporter".

All of the petitioner's contentions have been the subject of post conviction proceedings in the State courts and he has exhausted his State remedies.

 The petitioner's first contention is without merit. It appears that in the punishment phase of the petitioner's trial, by stipulation of the parties, judgment and sentence in case No. 28,579 District Court of Oklahoma County and the judgment and sentence in case No. 25,950, District Court of Oklahoma County were received in evidence. The judgment and sentence in case No. 28,579 reflects that on June 4, 1963 the petitioner having been charged with the offense of Burglary in the Second Degree After Former Conviction of a Felony appeared before the court represented "by his attorney of record" and entered a plea of guilty to the included offense of Burglary in the Second Degree and was sentenced to a term of seven years. A certified copy of the Minute Record by the court clerk for the District Court of Oklahoma County states":

"Defendant, Norman ·Ross Fillmore, appears in person and by counsel, Ike Zamrzla. State by Homer Thompson, Asst. Co. Atty. Def withdraws his former plea of not guilty and enters a plea of guilty to the included offense of burglary in the second degree and waives time in which sentence may be passed. It is the judgment and sentence of this court that the def, Norman Ross Fillmore, be confined in the State Penitentiary at McAlester, Okla. for a period of seven (7) years. Sentence to begin upon delivery to the warden. Mills."

The judgment and sentence in case No. 25,950 reflects that on October 13, 1959 petitioner entered a plea of guilty to the offense of Burglary in the Second Degree and was sentenced to a term of seven years imprisonment. A certified copy of "Order Appointing Counsel" in said case shows that on October 13, 1959 Homer Thompson, Public Defender of Oklahoma County was appointed to represent the petitioner in said cause. A certified copy of the Appearance Docket further reflects: .

"Deft. Fillmore appears in person and by counsel. Deft. (enters his plea of guilty). Upon recommendation of the County Atty, it is the judgment and sentence of the court that deft. be confined in the State Penitentiary at McAlester, Okla. for a period of (7), Seven Years. Sentence to begin upon delivery to the Warden. Mills."

The allegations of the petitioner that he was denied counsel in these two cases is conclusively refuted by the records of the court. This court is not required to accept his allegations to the extent that they are contradicted or in conflict with the facts as shown by the files and records of the case. *United States v. David,* 319 F.2d 482 (CA6 1963). When the allegations of a petitioner are patently frivolous and false because contrary to the written record before the court a hearing is not required. *Webb v. Crouse,* 359 F.2d 394 (CA10 1966). See also *Putnam v. United States,* 337 F.2d 313 (CA10 1964).

On January 15, 1968, a Humpty-Dumpty store in Oklahoma City was robbed by two men. The next day on January 16, a line-up was held in which two store employees

and a customer identified the petitioner as one of the robbers. Subsequently an Information was filed charging the petitioner and James Kenneth Johnson with this robbery. A pretrial Motion to Suppress the identification of the petitioner was considered by the court in an in camera hearing prior to the commencement of petitioner's trial on April 16, 1969. The two store employees and customer testified at this hearing. It appears from the testimony of these witnesses that there were six or seven persons in the line-up and that perhaps the petitioner was somewhat taller and darker than any other person in the line-up. None had viewed any photographs of the petitioner prior to the line-up and no suggestive comments were made by any of the officers conducting the line-up. All of the witnesses testified that they had ample opportunity to observe the petitioner at the time of the crime and were unequivocal in stating that the identification of petitioner was based upon their observations at the time of the robbery and not upon the line-up. At the conclusion of the testimony of these witnesses the trial court overruled the defendant's Motion to Suppress and the jury was impaneled and sworn. During the trial each of the three witnesses made a positive in-court identification. Pursuant to the prior admonition by the court, the prosecution did not elicit during direct examination any evidence concerning the pretrial line-up identification. Defense counsel, however, during his cross-examination of the witnesses did disclose through their testimony that a line-up identification of the petitioner had been made by each of the witnesses.

The petitioner was not entitled to counsel where the line-up took place prior to the initiation of the formal charges. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Harris v. Turner,* 466 F.2d 1319 (CA10 1972). The hearing afforded in the trial court prior to trial satisfies fully the requirements of 28 U.S.C.A. § 2254 and the findings are presumed to be correct. After independent review of the record of this hearing conducted by the trial judge this court finds that there was factual and legal support for the adjudication

and approves the same. This court, therefore, is not required to hold an evidentiary hearing on the petitioner's identification claims. See *Maxwell v. Turner,* 411 F.2d 805 (CA10 1969). Improper suggestiveness alone does not require the exclusion of identification testimony. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The test for impermissible suggestiveness is the totality of the circumstances. *United States v. Milano,* 443 F.2d 1022 (CA10 1971), cert. denied, 404 U.S. 943, 92 S.Ct. 294, 30 L.Ed.2d 258. The testimony of the three witnesses who made in-court identifications amply supports a conclusion that they had sufficient opportunity to observe the petitioner at the time of the robbery and that it was from these observations that the in-court identifications were made. *United States v. Robey,* 499 F.2d 151 (CA10 1974).

In support of his third claim the petitioner suggests an inconsistency in the testimony of the customer at his trial and at her prior testimony in the trial of the co-defendant Johnson concerning whether she was in the express check-out line or the one next to it. In its Order affirming denial of post conviction relief the Oklahoma Court of Criminal Appeals aptly pointed out:

> "Such inconsistency is minor, was in no way critical to petitioner's case, and certainly does not constitute knowingly giving false testimony."

In order that perjured testimony may provide grounds for habeas relief it is not enough that there occurred at the trial of the petitioner mere inconsistencies or conflict in the testimony of a witness with that given at a prior trial. *Smith v. State of Oklahoma,* 418 F.Supp. 907 (W.D.Okl.1976).

The petitioner claims that the trial court, on its own motion, ordered a new trial when because of the court reporter's death it became impossible to prepare a casemade for petitioner's appeal from the first conviction. The record before the court does not reflect whether or not the defendant filed a Motion for a new trial on such ground but in the ordinary course of

events this is the manner in which the matter would be brought to the court's attention. Certainly the action taken by the court was solely for the benefit of petitioner because if the court had not ordered the new trial petitioner would have been denied an appeal and his judgment and conviction would become final. The petitioner's double jeopardy claim under the circumstances is frivolous. If the petitioner had been successful in the appeal which he was attempting to perfect there is no question that the State could have retried him. *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); see *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). The Double Jeopardy Clause does not present an obstacle to a new trial if the conviction is set aside by the trial judge or reversed on appeal. See *United States v. Dinitz,* 424 U.S. 600, 610, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).

 There does not appear to be any basis in the record for petitioner's fifth complaint. James Kenneth Johnson was the sole witness called by the defense. There was no objection to any question asked by defense counsel on direct examination and the defense did not offer any written confession by James Kenneth Johnson in evidence or submit any instructions to the court which were refused. The witness did make a judicial confession in his testimony. He admitted his participation in the robbery and attempted to exculpate petitioner by denying that the petitioner was present at the robbery and identifying his partner as a Raymond Williams. The court correctly instructed the jury on an alibi defense. The jury obviously disbelieved the testimony of James Kenneth Johnson which was their prerogative. The petitioner was not entitled to a directed verdict of acquittal. There was no error.

 After the district attorney had cross-examined the witness, James Kenneth Johnson, the record reflects that this occurred:

"Mr. Harris: May I approach the bench, Your Honor.

(Thereupon, discussion was had at the bench outside the hearing of the Reporter and the jury.)

Mr. Harris: That is all.

Mr. Jordan: I have no further questions.

(Witness excused).

Mr. Jordan: Your Honor, the defendant rests." (Trial transcript at 107, 108.)

The record does not support petitioner's claim that petitioner's counsel was excluded from this discussion. In any event, clearly the petitioner would not have been prejudiced by what transpired at the bench as the prosecution asked no further questions and introduced no rebuttal evidence. The defense counsel asked no questions on redirect, lodged no request or objections, and immediately rested. The court made no ruling or statement to the jury concerning the testimony of Johnson. An accused does not have a constitutional right to be present at all in camera discussions at the bench. *United States v. Jorgenson,* 451 F.2d 516 (CA10 1971), cert. denied, 405 U.S. 922, 92 S.Ct. 959, 30 L.Ed.2d 793. The petitioner's suggestion that as a result of the bench conference the confession of James Kenneth Johnson was suppressed simply is not true.

The files and records examined by the court conclusively show that the petitioner is not entitled to relief and there are no material issues of fact. Therefore, there is no necessity for this court to hold an evidentiary hearing. Accordingly, the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.