Herman BECK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–486.

Court of Criminal Appeals of Oklahoma.

March 17, 1981.

James O. Goodwin, Goodwin & Goodwin, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Susan M. Otto, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Herman Beck was charged in the District Court of Tulsa County, Case No. CRF–77–2815, with Robbery with Firearms in violation of 21 O.S.Supp.1973, § 801. A trial resulted in a hung jury. The case was subsequently submitted to the judge on the basis of the preliminary hearing and trial transcripts, the appellant having waived his right to a trial by jury. The court found the appellant guilty as charged and sentenced him to fifteen (15) years' imprisonment.

■ The appellant first alleges two assignments of error at his first trial which was declared a mistrial. Because no judgment resulted, the appellant has no right to an appeal from his first trial. (22 O.S.1971, § 1051) We are concerned only with alleged error at the appellant's second trial which resulted in a conviction and sentence of fifteen (15) years.

■ It is first argued the court erred by refusing to impanel a jury to evaluate the appellant's present state of sanity immediately prior to trial and again when the conviction was brought up for judgment. The statute upon which the appellant relies, 22 O.S.1971, § 1162, requires that a jury be impaneled when an information is called for trial or when the defendant is sentenced if "a doubt arises" as to the defendant's present sanity. Recent case law has established that the doubt referred to in the statute must arise in the mind of the trial judge after an evaluation of the facts, source of the information and motive. This finding of the trial court will not be disturbed on appeal unless a clear abuse of discretion is shown. See *Reynolds v. State*, 575 P.2d 628 (Okl.Cr.1978).

■ In the present case, a hearing was conducted before the first trial at which both the appellant and Dr. Garcia, a psychiatrist who had periodically evaluated the appellant since 1974, testified the appellant was sane and could aid in his own defense. The trial court had ample opportunity to observe and evaluate the appellant's condition, both during his first trial and prior to sentencing. We find no abuse of discretion by the trial court, and therefore, hold that this contention is without merit.

The appellant next asserts that his heavy medication rendered him incompetent to waive his right to a jury trial and to stand trial. He further argues that because he was incompetent for these purposes, his right of due process of law guaranteed by the 14th amendment to the U.S. Constitution and the Oklahoma Constitution, Art. I, § 7 and Art. II, § 20, was denied.

■ The test used to determine whether one accused is competent to stand trial, is whether the accused has sufficient ability to consult with his lawyer and has a rational as well as actual understanding of the proceedings against him. *Roberson v. State*, 456 P.2d 595 (Okl.Cr.1969). In order for the waiver of a jury trial to be valid, the trial judge should make inquiry of the accused to assure in his mind the accused's waiver is expressly and intelligently made. See *Hayes v. State*, 541 P.2d 210 (Okl.Cr. 1975). After careful review of the record, we find that both of the above stated tests were met.

The fact that the appellant waived his right to a jury trial against the advice of counsel or that he dozed off, made side-bar comments and related falsities of a non-exculpatory nature to his attorney during his first trial does not prove an abuse of discretion by the trial court. The trial judge was able to assess by observation during the first trial the appellant's ability to understand the proceedings against him and his ability to assist defense counsel. Further before the court accepted the appellant's waiver of a jury trial and before the appellant was sentenced, the trial judge questioned him extensively to assure himself the appellant had a rational understanding of the proceedings against him and sufficient ability to consult with his lawyer. These procedures were sufficient to protect the appellant's right of due process of law and thus we find no error. See *Wolf v. U. S.*, 430 F.2d 443 (10 Cir. 1970).

Finally, on the authority of *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) the appellant questions the failure of the trial court to hold a hearing out of the presence of the jury to determine the validity and voluntariness of the confession the appellant gave to the police. The appellant argues that he was insane at the time of the confession; therefore, it was involuntarily given. Because the appellant's trial was held before the judge sitting without a jury, there was no reason for the judge to hold an in-camera hearing on the voluntariness of the confession. Further, because the sole reason put forth for the involuntariness of the confession was the appellant's insanity, the trial judge already had all the evidence necessary to make a determination on that issue. While the trial record does not reveal the judge's finding on the specific point of the appellant's sanity at the time of the confession, we can assume that the judge considered all the evidence presented at the first trial and determined that the appellant was sane at the time of the confession.

The judgment and sentence is accordingly, AFFIRMED.

BUSSEY, J., concurs in result.

CORNISH, J., concurs.