Tony Lynn DAVIS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–530.

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1988.

Thomas E. Salisbury, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Tony Lynn Davis, was jointly tried with co-defendant, Donna Ray Harless, for the crimes of Injury to a Minor Child (Count I) and Murder in the Second Degree (Count II) in Case No. CRF–84–3218, in the District Court of Tulsa County. The jury returned a verdict of guilty on both counts against appellant and assessed punishment at twenty (20) years imprisonment and life imprisonment, respectively, and he appeals. We affirm.

The facts of this case are set forth in *Harless v. State*, 759 P.2d 225 (Okl.Cr. 1988).

■ For his first assignment of error appellant asserts that the trial court erred in overruling his motion to quash and demurrer. He alleges that the crimes with which he was charged in the information stemmed from a single act. We reject this contention under the facts of this case for

the reasons set forth in *De Laune v. State*, 569 P.2d 463, 467 (Okl.Cr.1977), wherein this Court held that, "if the two crimes charged each require the proof of at least one fact which is not required to be proved in the other, the defendant can be charged with more than one crime." Clearly, the elements of the crime of Injury to a Minor Child are distinguisable from the elements of Second Degree Murder. *See* 21 O.S. Supp.1982, § 843 and 21 O.S.1981, § 701.8(1). In this case, the State presented evidence of Injury to a Minor Child which included burns, bruises and broken bones; whereas, the evidence establishing the charge of Second Degree Murder was the abdominal trauma and subsequent lack of treatment. Since the crimes charged were separate and distinct and the two convictions were based upon different evidence, this contention is denied.

■ Appellant next contends that the trial court erred in refusing to strike all the testimony concerning the color photographic slides of the body of Eric Cole Harless since the photographs were taken after emergency care and extensive surgery were performed upon him. For the reasons set forth in *Harless v. State*, 759 P.2d 225 (Okl.Cr.1988), we find this contention is without merit.

■ In his third assignment of error appellant argues that the trial court erred in excusing several jurors for cause merely because they stated they might be financially inconvenienced by jury service.

This Court has consistently held that the manner in which voir dire proceedings are conducted rests within the discretion of the trial court. *Van Woundenberg v. State*, 720 P.2d 328 (Okl.Cr.1986). In the instant case, the trial court explained to the prospective jurors that if serving the next week posed a real serious problem or hardship such that it would be a problem for them to sit in the courtroom and listen, then it was an issue to be resolved. After the explanation, three prospective jurors stated that due to the serious hardship that they would suffer, they did not believe they could devote full attention to the trial. Therefore, the prospective jurors were dis-

charged. We are of the opinion that the trial court properly discharged the prospective jurors under the facts presented. *See Banks v. State*, 701 P.2d 418, 424 (Okl.Cr. 1985); 38 O.S.1981, § 28(A). Moreover, appellant has wholly failed to show how the trial court's actions prejudiced him in any way during trial. *Agee v. Gant*, 412 P.2d 155 (Okl.Cr.1966). This contention is without merit.

■ Appellant's fourth assignment of error is that the trial court erred in not granting him additional or separate peremptory challenges due to the contradictory and adversarial nature of the defense raised by co-defendant.

Title 22 O.S.1981, § 655 provides in pertinent part:

> In all criminal cases the prosecution and the defendant are entitled to the following peremptory challenges: Provided, that if two or more defendants are tried jointly they shall join in their challenges; provided, that when two or more defendants have inconsistent defenses they shall be granted separate challenges for each defendant as hereinafter set forth....

This Court has held that for defenses to be inconsistent for purposes of § 655 the defenses of both defendants must be mutually antagonistic, pitting the defendants against one another. *Murray v. State*, 528 P.2d 739, 740 (Okl.Cr.1974); *Cooks v. State*, 699 P.2d 653 (Okl.Cr.1985); *Wilhite v. State*, 701 P.2d 774 (Okl.Cr.1985). Each defendant must exculpate himself and inculpate the other. *Murray*, 528 P.2d at 740.

Appellant has failed to demonstrate that the defenses presented by him and co-defendant were antagonistic. Neither party denied that the child was in appellant's care when the injuries were sustained. Appellant's defense was that the child's injuries were sustained through accidents. Co-defendant, on the other hand, claimed that she was not with the child when any of the injuries were sustained; however, she did not directly inculpate appellant during her

testimony. Consequently, we uphold the trial court's ruling.

■ Next, appellant complains that the trial court erred in not granting a mistrial due to a remark by the prosecutor in closing argument which was an intentional and unequivocal request that the jury's verdict should speak on behalf of the victim. Appellant alleges that this single remark determined the verdict of guilt. For the reasons set forth in *Harless v. State*, 758 P.2d 225 (Okl.Cr.1988), we reject this contention.

■ Appellant finally urges that he was denied the right to be present at all proceedings of his trial, and that his entitlement to a twelve-person jury required the discharge of the jury when one of the jurors could no longer continue deliberations due to medical problems. After the jury retired to deliberate, one of the jurors became ill and was not able to continue deliberations, and the trial court subsequently met with trial counsel, without appellant or co-defendant being present. At that meeting, trial counsel waived any motion for mistrial based upon the entry into the jury room by the unauthorized persons when the juror became ill or the loss of one juror. Appellant argues that he was not consulted regarding this decision prior to trial counsel's agreement to waive the issue.

■ Absent a showing of incompetence, the appellant is bound by the decisions of his counsel, and mistakes in tactics and trial strategy do not provide grounds for subsequent attack. *United States v. Nolan*, 571 F.2d 528 (10th Cir.1978). Furthermore, appellant does not have an unconditional constitutional right to be present at all *in camera* discussions where his lawyer is present. *See United States v. Jorgenson* 451 F.2d 516 (10th Cir.1971), *cert. den.*, 405 U.S. 922, 92 S.Ct. 959, 30 L.Ed.2d 793; *See also Fillmore v. Crisp*, 480 F.Supp. 310 (W.D.Okla.1978).

In the present case, the record clearly reveals that the attorneys for both appellant and co-defendant were in complete agreement to finish the trial with an eleven-person jury which is permitted by 22 O.S.1981, § 895. Also, the jurors assured the trial court that the incident would not affect any further deliberations in the case and that decisions on some of the verdicts had already been reached.

Since trial counsel in his professional judgment waived the right to a twelve person jury, and appellant has wholly failed to show how he was prejudiced by the waiver, we find no error. This assignment is groundless.

The judgment and sentences are AFFIRMED.

PARKS, Judge, dissenting:

I must respectfully dissent to the majority's treatment of the appellant's sixth assignment of error. The majority concedes that the appellant was not present at the hearing where the prosecutor and defense counsel agreed to waive a twelve person jury after one of the jurors became ill during deliberations and was unable to continue. Under Article II, section 19 of the Oklahoma Constitution, an accused has a fundamental constitutional right to a unanimous twelve member jury in all felony cases.

This Court has previously held that the trial judge has an affirmative duty to make inquiry of the accused to assure that such waiver was expressly and intelligently made. *See Beck v. State*, 626 P.2d 327, 328 (Okl.Cr.1981). The instant case is wholly distinguishable from *Hatch v. State*, 662 P.2d 1377, 1381 (Okl.Cr.1983), where this Court, in finding a valid waiver of the accused's right to trial by jury, noted that the trial judge "painstakingly and carefully examined the appellant personally at length to determine whether the waiver was knowing and intelligent." In the instant case, the trial judge specifically stated that he would be "compelled" to grant a motion for mistrial if requested to do so, and that, "I wouldn't feel uncomfortable in doing that ... [although] I would hate to have a seven-day trial result in a mistrial, but certainly if either one of the defendants wants to so move, I won't have any hesitancy in granting a mistrial at this point...." In spite of this, however, the trial judge failed to make any inquiry of

the appellant to determine on the record whether he was personally knowingly and intelligently waiving his constitutional right to a unanimous twelve person jury.

An examination of prior cases in which this Court has approved waivers of jury trials or juries composed of less than twelve members as mandated by Article II, § 19, of the Oklahoma Constitution for felony cases, reveals that in each case the defendant personally waived such right in open court. *See, e.g., Hatch v. State,* 662 P.2d 1377381 (Okl.Cr.1983); *Colbert v. State,* 654 P. 624, 627 (Okl.Cr.1982); *Holloway v. State,* 365 P.2d 829, 831 (Okl.Cr. 1961); *Trott v. State,* 62 Okl.Cr. 52, 70 P.2d 118, 119 (1937); *Ex parte Hollingsworth,* 46 Okl.Cr. 353, 287 P. 840, 841 (1930). In *Swift v. State,* 510 P.2d 286, 287 (Okl.Cr. 1973), Judge Bussey wrote the opinion reversing a conviction where the defendant had expressly objected to being tried by an eleven member jury. In *Hayes v. State,* 541 P.2d 210, 212 (Okl.Cr.1975), this Court reversed in a similar situation where the trial court failed to conduct an appropriate inquiry of the defendant to establish a personal waiver, and there was insufficient evidence to show that the defendant authorized, consented to, or ratified the waiver.

The United States Supreme Court has stated that:

Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a factfinding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, **in addition to the express and intelligent consent of the defendant.** And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

*Patton v. United States,* 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930) (emphasis added). The Court in *Patton* specifically found no meaningful distinction between a complete waiver of a jury trial and consent to be tried by less than twelve members. *Id.* at 290, 50 S.Ct. at 255. Federal courts require that the waiver of jury trial be in writing. *See* Fed.R.Crim.Proc. 23(a). The American Bar Association Standards for Criminal Justice, Vol. III, Ch. 15, Trial by Jury, § 1.2(b) (1980) recommends the following:

The Court shall not accept a waiver unless the defendant, after being advised by the court of his right to a trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record.

Several jurisdictions hold that an accused must personally waive his right to a jury trial either in writing or in open court for the record. *See State v. Swan,* 108 Idaho 963, 703 P.2d 727, 730 (Ct.App.1985); *Walker v. State,* 578 P.2d 1388 (Alaska 1978); *Rice v. People,* 193 Colo. 270, 565 P.2d 940 (1977); *State v. Butrick,* 113 Ariz. 563, 558 P.2d 908 (1976); *State v. Irving,* 216 Kan. 588, 533 P.2d 1225 (1975); *People v. Holmes,* 54 Cal.2d 442, 5 Cal.Rptr. 871, 353 P.2d 583 (1960).

The record indicates that the trial judge swore in thirteen (13) jurors. I fail to understand why the alternate juror was not utilized. On the basis of the foregoing, I would remand this case to the district court to conduct an evidentiary hearing to determine whether the appellant knowingly and intelligently waived his right to a twelve member jury by consenting, authorizing or ratifying counsel's waiver upon his behalf. In the absence of such a showing at the evidentiary hearing, I believe that the foregoing authority would require that the appellant be given a new trial. In the future, trial courts must carefully examine the defendant in open court to build a record for appellate determinations of an accused's knowing and intelligent waiver of his right to a jury trial. Of course, it would always be preferable, although not mandatory,

that such waivers be in writing. Accordingly, I respectfully dissent.