**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDDIE LEVI GRIGGS,

          Petitioner/Appellant,

          v.

CHARLES RAY, Warden,

          Respondents/Appellees.

No. 04-6173

Western District of Oklahoma

(D.C. No. 03-CV-386-HE)

**ORDER** *

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

     Eddie Levi Griggs, a state prisoner proceeding     *pro se*, seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's order

which denied his habeas corpus petition under 28 U.S.C. § 2254.     *See* 28 U.S.C. §

2253(c)(1)(A).  Because we conclude that Mr.Griggs has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA, and we dismiss the appeal.  28 U.S.C. § 2253(c)(2).

     Mr. Griggs was convicted by bench trial in Oklahoma state court of

trafficking in illegal drugs and unlawful possession of paraphernalia.  He

---

     *This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. Mr. Griggs then filed a habeas corpus petition in the United States District Court for the Western District of Oklahoma. The trial judge referred the matter to a magistrate judge, who recommended that Mr. Griggs's petition be denied. After reviewing Mr. Griggs's objections, the trial judge adopted the magistrate judge's recommendation and denied Mr. Griggs's petition. This appeal followed.

The three issues Mr. Griggs raises in his application for a COA are identical to his claims in the district court, which were nearly identical to those he presented to the OCCA. First, he claims the record fails to support that he competently, knowingly, and intelligently waived his right to a jury trial. Second, he asserts the Oklahoma trial court erred by refusing to suppress evidence gathered by officers who allegedly had no jurisdiction. Finally, he claims the trial court erred by failing to respond to his August 3, 2000 motion to suppress, in which he asserted the search and seizure were unreasonable under the Fourth Amendment.

Mr. Griggs's first claim—that he unknowingly waived his right to a jury trial—was rejected by the OCCA, which found "record evidence of an informed waiver of jury trial." Doc No. 23, Ex. 3 at 2. This evidence was a court minute entry, signed by Mr. Griggs and his attorney, which reflected the waiver of a jury trial. The OCCA stated this signed waiver indicated Mr. Griggs, before electing a

bench trial, had been "advised in detail of the right to a jury trial and the right to waive the same." *Id.*, citing *Hayes v. State*, 541 P.2d 210, 212 (Okla. Crim. App. 1975). The magistrate judge found the OCCA's ruling "was reasonable, legally and factually, and does not entitle Mr. Griggs to habeas relief." Doc. No. 25 at 3.

We agree with the OCCA and the magistrate judge. Contrary to Mr. Griggs's assertions, the record is not "silent" as to whether he intelligently waived his right to a jury trial. COA Application at 16. To be sure, there is no evidence memorializing a colloquy between the trial judge and Mr. Griggs, but "[n]either . . . an oral colloquy, nor any other particular form of waiver, is required for a valid waiver [of a jury trial] as a matter of federal constitutional law." *Fitzgerald v. Withrow*, 292 F.3d 500, 504 (6th Cir. 2002). Moreover, Mr. Griggs has introduced no evidence to show that he misunderstood the representations he made when he signed, together with his counsel, the minute entry. Thus, this claim has no merit.

Mr. Griggs's second claim is likewise unavailing. He claims "the trial court erred in failing to sustain defendants [sic] motion to suppress due to the lack of jurisdiction of the arresting officers." COA Application at 2. As the magistrate judge correctly noted, this allegation concerns a state law issue—police department jurisdiction—decided by the Oklahoma state court. Consequently, it is not reviewable by a federal habeas court. Doc. No. 25 at 6,

-3-

citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Finally, Mr. Griggs seeks habeas relief because the district court allegedly failed to rule on his August 3, 2000 motion to suppress, in which he claimed the evidence used against him was obtained through an unreasonable search and seizure. The magistrate judge determined Mr. Griggs was not entitled to habeas relief on this claim because the holding of *Stone v. Powell*, 428 U.S. 465, 481–82 (1976), precludes federal habeas courts from considering a defendant's Fourth Amendment claims "provided that the defendant had an opportunity for full and fair litigation" of those claims in state court. Doc. 25 at 4. We agree.

We have held that "[u]nder *Stone*, habeas relief shall not be granted on the ground that the trial court admitted evidence obtained in violation of the Fourth Amendment despite the judicially-created exclusionary rule" if such claims were "full[y] and fair[ly]" litigated during state court proceedings. *Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th Cir. 1999). If a defendant's Fourth Amendment claim was fully and fairly litigated—either at trial or on appeal—federal habeas relief on that claim is unavailable. *Stone*, 428 U.S. at 494–95 n.37.

In this case, Mr. Griggs fully and fairly presented his Fourth Amendment claim, both at trial and on appeal. When, in a preliminary hearing, Mr. Griggs's counsel challenged the existence of probable cause for officers to search his car,

the trial judge stated, "I believe the State had met its burden as to probable cause on Count One, Trafficking." Doc. No. 24 at 77. During Mr. Griggs's trial, his counsel acknowledged that the trial court declined to grant a motion on this issue. Mr. Griggs also appealed this claim to the OCCA, which denied relief. Since Mr. Griggs had the opportunity at trial and on appeal to present his Fourth Amendment claims, *Stone* bars us from granting habeas relief on this point.

Moreover, Mr. Griggs's assertion that the trial court never specifically ruled on his August 3, 2000 motion is incorrect. The OCCA addressed this point in its ruling. It "disagree[d] with [Mr. Griggs's] contention that the trial court failed to rule on his motion to suppress" and observed that the "transcript of the bench trial includes a statement from defense counsel conceding that the court had previously denied the motion." Doc. No. 23, Ex. 3, at 3 n.2. Thus, for the third time, Mr. Griggs's claim regarding his August 3 motion to suppress fails.

Accordingly, we **DENY** Mr. Griggs's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed *in forma pauperis* is also **DENIED.**

Entered for the Court,

Patrick Fisher, Clerk